| | |
|---|---|
| **Sheehan & Associates, P.C.** | 505 Northern Boulevard, Suite 311, Great Neck, NY 11021<br>tel. 516.303.0552<br>fax 516.234.7800<br>spencer@spencersheehan.com |

June 28, 2019

Magistrate Judge Sanket J. Bulsara
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

         Re:  1:19-cv-00004-ENV-SJB
             <u>Hightower v. Beyond Better Foods, LLC</u>

Dear Magistrate Judge Bulsara:

  This office represents the plaintiff in the above action. On June 28, 2019, the Court issued two Orders to Show Cause, directing plaintiff to show cause by (1) "explain[ing] why the Court has subject matter jurisdiction in this case" given the facts alleged in the complaint ("OTSC 1") and (2) "why sanctions should not be imposed, such as a dismissal of the case pursuant to Rules 37 and 41 for disobedience of a Court order" ("OTSC 2"), *viz*, plaintiff's failure to appear at the initial conference at 12:00 PM today and the failure to file a proposed discovery plan worksheet two days prior to the conference.

  This letter addresses OTSC 2 regarding sanctions in the form of dismissal of the complaint. While the Court set July 19, 2019 as the deadline by which plaintiff must show cause as to OTSC 1, plaintiff anticipates filing a response significantly in advance of that date. ECF Order to Show Cause, June 28, 2019.

  Plaintiff acknowledges the failure to appear nor file the required discovery plan. Plaintiff shall not offer "good cause" as such cause – to not follow any Court Order – does not exist to an attorney, an officer of the Court. This was a regrettable mistake and plaintiff apologizes to the Court and the parties. Plaintiff submits this will not happen again and the undersigned requests leniency from the Court to not impose sanctions, such as a dismissal of the action. Plaintiff believes the allegations of the complaint are meritorious based on the factual allegations within the regulatory framework of the product type.

  Federal Rule of Civil Procedure 16 permits the Court to issue any just order for the failure to appear at a pretrial conference or failing to obey a scheduling or other pretrial order. Fed. R. Civ. P. 16(f)(1)(A) and (B); *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-46 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980). Plaintiff submits that the failure to appear was not in bad faith and while bad faith is not required for the imposition of sanctions, plaintiff requests it be considered. *United States v. Stoneberger*, 805 F.2d 1391, 1393 (9th Cir. 1986).

  While there is no excuse for failing to abide by a Court Order, there is an explanation, albeit inadequate. On June 16, 2019, your Honor granted plaintiff's joint request that defendant's time to answer or move against the complaint be extended until July 18, 2019. ECF No. 8, June 14, 2019; Order Granting Extension.

  During the time when plaintiff conferred with defendant regarding the extension of time

for defendant to move or answer, plaintiff admittedly failed to recognize that the joint motion, and its approval, did not address the pendency of the conference and discovery plan. This was not intentional and hopefully evinces the lack of intention to disobey a Court Order.

 Nevertheless, plaintiff's counsel accepts sole responsibility for this failure and requests the Court not order sanctions in the form proposed, and that should sanctions be imposed, that such penalty be mitigated. Thank you.

              Respectfully submitted,

              /s/ Spencer Sheehan
              Spencer Sheehan

Certificate of Service

I certify that on June 28, 2019, I served the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|  | CM/ECF | First-Class Mail | Email |
|---|---|---|---|
| Defendant's Counsel | ☐ | ☒ | ☐ |

/s/ Spencer Sheehan
Spencer Sheehan